**UNITED STATES COURT OF APPEALS**

**December 9, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GABRIEL PALOMINO-
RODRIGUEZ,

     Defendant-Appellant.

No. 07-2273
(D.N.M.)
(D.C. No. CR-07-1139-BB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Gabriel Palomino-Rodriguez, a New Mexico federal

prisoner, pleaded guilty to a one-count indictment for illegal reentry after

deportation subsequent to a conviction for an aggravated felony in violation of 8

U.S.C. § 1326(a) and (b)(2). The Presentence Report ("PSR") computed his

Guidelines range to be 46 to 57 months' imprisonment. The district court

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentenced him to 46 months. Mr. Palomino-Rodriguez challenges the substantive

reasonableness of his sentence.[1] Exercising jurisdiction under 28 U.S.C. § 1291

and 18 U.S.C. § 3742(a), we **AFFIRM**.

## I. BACKGROUND

Mr. Palomino-Rodriguez pleaded guilty to one count of illegal reentry in

violation of 8 U.S.C. § 1326(a) and (b)(2). Given his offense level and prior

criminal history, the PSR calculated a Guidelines range of 46 to 57 months. Mr.

Palomino-Rodriguez filed a sentencing memorandum in which he sought a

downward variance from the Guidelines range. He submitted four letters on his

behalf and argued that his family circumstances justified a variance.

At sentencing, the district court acknowledged these materials and stated:

> All right. Well, even taking that at face value, I don't see this as
> being a case that really requires a deviation. He has difficult
> family circumstances, but . . . that is frequently the case in these
> [illegal re-entry] situations, where there is an inconvenien[ce] at
> best, and misery imposing the worst barrier.

---

[1]     Mr. Palomino-Rodriguez does not purport to challenge the procedural
reasonableness of his sentence, but his sentencing argument bears significant
procedural stripes in that he seems to allege that the district court did not properly
consider the sentencing factors of 18 U.S.C. § 3553(a)(2) in light of the
overarching parsimony principle of § 3553(a). *See United States v. Martinez-
Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (discussing the parsimony principle
embedded in 18 U.S.C. § 3553(a)). In *Martinez-Barragan*, we treated a similar
argument as a challenge to the procedural reasonableness of the district court's
sentence. *Id.* at 904-05. For purposes of this appeal, we will accept Mr.
Palomino-Rodriguez's characterization of his challenge but in the context of our
analysis we will address any procedural implications of his challenge.

R., Vol. III, Tr. at 11 (Sentencing Hearing, dated Nov. 1, 2007).

In justifying Mr. Palomino-Rodriguez's sentence, the district court referred to the length of the sentence imposed for his prior burglary offense (i.e., seven years, with five suspended). After considering the PSR's factual findings, United States Sentencing Guidelines, and the 18 U.S.C. § 3553(a) factors, the district court imposed a 46-month sentence, the bottom of the Guidelines range. Mr. Palomino-Rodriguez now challenges the substantive reasonableness of his sentence.

## II. DISCUSSION

We review criminal sentences for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). Reasonableness has "both procedural and substantive dimensions." *Martinez-Barragan*, 545 F.3d at 898. That is, we consider both "the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

Generally, a sentence is procedurally reasonable if the district court accurately calculates the recommended Guidelines range, properly considers the § 3553(a) factors, and abides by the Federal Rules of Criminal Procedure. *United*

-3-

*States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007); *see also United States v. Alapizco-Valenzuela*, __F.3d__, No. 07-3327, 2008 WL 4866609, at \*3 (10th Cir. Nov. 12, 2008) ("Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence.").  "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'"  *Geiner*, 498 F.3d at 1107 (quoting *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*, 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008)).  The district court has wide discretion in balancing the § 3553(a) factors. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo.").

On appeal, a within-Guidelines sentence is presumed to be substantively reasonable.  *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008); *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir.), *cert. denied*, 129 S. Ct. 161 (2008).  The burden is on the defendant to rebut the presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)."  *Kristl*, 437 F.3d at 1054.  We conclude that Mr. Palomino-Rodriguez has not satisfied this burden.

Mr. Palomino-Rodriguez contends that he is entitled to a downward

-4-

variance because his dire economic circumstances and, more specifically, his concern about his ability to shoulder the medical expenses of his unborn child, led him to unlawfully reenter the United States, and because there were ameliorating circumstances relating to the prior burglary conviction. He alleges that the district court's failure to take these circumstances into account implies that the district court violated the parsimony clause of 18 U.S.C. § 3553(a). "When crafting a sentence, the district court must be guided by the 'parsimony principle'—that the sentence be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment, as expressed in § 3553(a)(2)." *Martinez-Barragan*, 545 F.3d at 904 (internal quotation marks omitted) (quoting 18 U.S.C. § 3553(a)).

The district court, in imposing Mr. Palomino-Rodriguez's sentence, took note of the § 3553(a) factors. We have no reason to believe that the district court did not consider all of Mr. Palomino-Rodriguez's arguments, and it was not required to specifically address each argument to properly carry out its sentencing duties. *See United States v. Mendoza*, 543 F.3d 1186, 1193 (10th Cir. 2008) ("[W]e have generally held that 'when the district court adheres to the advisory Guidelines range,' § 3553(c)(1) 'does not impose upon district courts a duty to engage in . . . particularized analysis.'" (quoting *United States v. A.B.*, 529 F.3d 1275, 1289 (10th Cir., *cert. denied*, 129 S. Ct. 440 (2008))); *see also United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1203 n.4 (10th Cir.), *cert. denied*, 128 S.

Ct. 113 (2007) (noting a lack of authority for the proposition that a judge must specifically address a defendant's arguments before imposing sentence).

Here, the district court balanced Mr. Palomino-Rodriguez's family circumstances against his prior criminal activity and the § 3553(a) factors. In striking this balance, the district court did not find that any deviation from the applicable Guidelines range was justified. The court deemed Mr. Palomino-Rodriguez's circumstances to be similar to those of other defendants convicted of the same offense. And it was permissible for the court to make such comparisons in considering whether to grant a variance. *See Martinez-Barragan*, 545 F.3d at 900 ("[H]eartland analysis is *also* a legitimate part of the district court's analysis of whether to vary from the Guidelines."). Mr. Palomino-Rodriguez has not demonstrated that the district court's sentence is unreasonable in light of the § 3553(a) factors—*viz.*, he has not rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *See id.* at 905 ("[W]e cannot say that Mr. Martinez-Barragan has demonstrated that his criminal history and family circumstances, when viewed in light of § 3553(a), renders a bottom of the Guidelines sentence an abuse of discretion."). Accordingly, we cannot conclude that the court abused its discretion in sentencing Mr. Palomino-Rodriguez.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentencing order.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge