**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE LUIS FLORES-ESCOBAR,

     Defendant-Appellant.

No. 10-4048

(D.C. No. 1:09-CR-00091-CW-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant/Appellant Jose Luis Flores-Escobar pled guilty to illegal reentry by a

previously removed alien, in violation of 8 U.S.C. § 1326. The district court imposed a

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence of forty-six months' imprisonment, at the bottom of the advisory sentencing guideline range. On appeal, Flores-Escobar contends that his sentence is substantively unreasonable because the guideline range overstates the seriousness of his prior conduct and because the sentence does not account for mitigating factors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Flores-Escobar pled guilty to illegal reentry by a previously removed alien on January 14, 2010. He was discovered by Immigration and Customs Enforcement agents in the Davis County, Utah jail during a routine jail check. He had twice previously been deported from the United States, but returned to provide financial help to his family. Upon his most recent return, he left his pregnant wife in Honduras.

According to the presentence report (PSR), Flores-Escobar had two prior criminal convictions. In 1994, he was convicted in California of transporting or selling narcotics and given a suspended sentence of three years' imprisonment. In 1998, his probation was revoked and he was sentenced to three years' imprisonment. In 2009, Flores-Escobar was convicted of possession of a controlled substance and received a suspended sentence of zero to five years and 180 days' imprisonment. During the traffic stop that led to his arrest on this offense, a police officer noticed Flores-Escobar swallowing something. The officer located a small quantity of marijuana on Flores-Escobar's person. Flores-Escobar also admitted to swallowing two or three bags of cocaine. Later, at a hospital, he regurgitated ten bindles of cocaine.

The PSR provided that the base offense level for illegal reentry was 8. Pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2008), sixteen levels were added for the prior felony drug trafficking conviction. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. The PSR assigned three criminal history points for the drug trafficking conviction and two points for the drug possession conviction, resulting in a total criminal history score of 5 and a criminal history category of 3. The guideline sentencing range was forty-six to fifty-seven months. The district court sentenced Flores-Escobar to forty-six months' imprisonment.

II.

*A. Standard of Review*

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court reviews sentences for procedural and substantive reasonableness. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). Here, Flores-Escobar argues only that his sentence is substantively unreasonable. Substantive reasonableness is reviewed under an abuse of discretion standard, United States v. Sayad, 589 F.3d 1110, 1117 (10th Cir. 2009), and a within-guideline sentence is afforded a rebuttable presumption of reasonableness on appeal. United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009); United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008). This standard is deferential, and "[t]he defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." Alapizco-Valenzuela, 546 F.3d at 1215. However, "the fact that

3

the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

*B. Discussion*

The base offense level for unlawful reentry is 8. U.S. Sentencing Guidelines Manual § 2L1.2(a). The total offense level is increased to 16 if the defendant has a previous conviction of a felony drug trafficking offense for which the sentence imposed exceeded thirteen months. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(B).

Flores-Escobar makes three generalized objections to the use of the 16-level enhancement in § 2L1.2(b)(1)(B). He argues that the 16-level enhancement is too severe, that prior convictions are unreasonably double-counted, and that, under Kimbrough v. United States, 522 U.S. 85 (2007), the 16-level enhancement is not entitled to a presumption of reasonableness because it is not a product of the Sentencing Commission's characteristic institutional role. He also argues that his particular sentence is unreasonable because his prior drug trafficking conviction is too old to justify a 16-level enhancement, and that his family and financial situation is a mitigating factor that should have reduced his sentence.

Flores-Escobar's criticisms of the guideline computation underlying his sentence for illegal reentry are misplaced. He points to no §3553(a) factors that make his

particular sentence unreasonable;[1] rather, he makes a policy-based attack on the severity of the § 2L1.2(b)(1)(B) enhancement. "'[A] sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range' based on disagreements with the policies underlying a particular Guideline provision." United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (quoting United States v. McCullough, 457 F.3d 1150, 1171 (10th Cir. 2006)). To the extent that Flores-Escobar argues that the §2L1.2(b)(1)(B) enhancement is simply too punitive, such an argument is unpersuasive. He points to several cases in which courts have determined that the 16-level enhancement overstated the seriousness of a given defendant's conduct. However, these cases do not establish that the guideline itself is unreasonable, nor did any of the cases cited involve defendants with prior drug trafficking and subsequent drug possession convictions.

Further, we have previously rejected the double-counting policy argument that Flores-Escobar makes here. Counting a prior conviction when calculating a defendant's total offense level, and also when calculating his criminal history does not render the

---

[1] This court has suggested that a district court's conclusion that the Sentencing Guidelines are simply "wrong" might be unreasonable unless the sentence imposed could be justified in light of the facts of the particular case and the § 3553(a) factors. United States v. Garcia-Lara, 499 F.3d 1133, 1137-38 (10th Cir. 2007), vacated on other grounds by Garcia-Lara v. United States, 553 U.S. 1016 (2008). The reverse is certainly true; we cannot conclude that a sentence is substantively unreasonable by disagreeing with the Sentencing Guidelines in the abstract, rather than considering the particular sentence in light of the facts and § 3553(a) factors. Substantive reasonableness review must relate to the defendant's sentence and the underlying facts.

resulting sentence substantively unreasonable. In addressing this very argument in United States v. Ruiz-Torres, this court noted that "we have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history and a sentence enhancement where, as here, the Guidelines authorize it." 477 F.3d 1196, 1204 (10th Cir. 2007). The application notes to § 2L1.2 specifically contemplate that a prior conviction may increase the total offense level and also count towards a defendant's criminal history. U.S. Sentencing Guidelines Manual §2L1.2 cmt. n.6. The double-counting argument raised here does not render Flores-Escobar's sentence substantively unreasonable.

By Flores-Escobar's own admission, his Kimbrough argument, even if valid, would not require the district court to impose a sentence below the guideline range. Aplt. Br. at 14. Flores-Escobar did not give the district court the chance to even consider such an argument, because he did not raise it below. He cannot now argue that his sentence is substantively unreasonable because the district judge did not consider a policy-based argument that was never advanced.

The district court rejected Flores-Escobar's argument that his prior drug trafficking conviction was too stale and should not be considered. The district court concluded that the 1994 conviction remained relevant because of Flores-Escobar's subsequent continued involvement in drug-related activity. The PSR states that Flores-Escobar admitted to swallowing two or three bags of cocaine and regurgitated ten bindles of cocaine in connection with the 2009 possession offense. R., Vol. III, at 5. At sentencing, the district court judge stated,

6

> If the defendant had not been involved in criminal activity in the state, I would be more inclined to believe that the 16 level enhancement was inappropriate given the staleness of the enhancement. But the indications are that he did come back to this country, became immediately involved in at least possession of narcotics, and that may indicate that he has got an addiction problem, but it also indicates that he is unable to regard with respect to the laws of this country and abide by them.

Id., Vol. II, at 41. The district court could reasonably conclude, given his 2009 drug conviction, that the 1994 trafficking conviction was not some old, isolated event that was no longer relevant when sentencing Flores-Escobar. The district court did not abuse its discretion when it included the 1994 trafficking conviction within its calculation of Flores-Escobar's total offense level, in light of the fact that he had more recently been engaged in activities consistent with possession of significant quantities of drugs.

Finally, Flores-Escobar argues that his sentence is substantively unreasonable because it does not take into account mitigating factors, specifically his financial responsibility for his wife, new child, and extended family. This argument is undercut by the fact that the district court imposed a sentence at the bottom of the guideline range, after stating on the record "I am sympathetic to the defendant's circumstances he left behind in Mexico [sic]." Id., Vol. II, at 40. The district judge contrasted Flores-Escobar's family and financial situation with the seriousness of his drug trafficking and possession convictions. A sentence at the bottom of the guideline range is not

7

unreasonable "given all the circumstances of the case in light of the factors set forth in 18

U.S.C. § 3553(a)."  <u>Alapizco-Valenzuela</u>, 546 F.3d at 1215.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge