FILED
United States Court of Appeals
Tenth Circuit

December 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM MORAIN, SR.,

      Defendant-Appellant.

Nos. 13-3201

(D.C. No. 2:12-CR-20074-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Defendant William Morain, Sr., challenges his within-guideline sentence for possession and distribution of child pornography. He mounts a two-prong attack on the substantive reasonableness of his sentence. First, he argues his sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2G2.2, the guideline used to calculate his offense level, is flawed. Second, he contends, presumption or no, his sentence is substantively unreasonable because it does not comport with 18 U.S.C. § 3553(a). Even disregarding the presumption of reasonableness, however, we cannot say Defendant's sentence rose to the level of an abuse of discretion. Therefore, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Defendant pled guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and was convicted after a bench trial of one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant's child pornography collection, between his computer and other media devices, contained 592 images and 24 videos (totaling over 110 minutes). The collection included depictions of prepubescent children being forced to perform oral sex or being penetrated by an adult penis. One of the videos was a bondage rape video in which a young girl struggles against an adult male who ties her up, forces her to perform oral sex, and then rapes her. Defendant admitted to sharing some of this collection over Limewire and actively trading from this collection using Yahoo! Messenger. The Presentence Report ("PSR") calculated Defendant's offense level based on U.S.S.G. § 2G2.2. Based on the PSR and an additional offense level reduction for acceptance of responsibility, the district court found Defendant had a criminal history category of I and a total offense level of 34. This yielded a guideline imprisonment range of 151 to 188 months. Defendant filed a sentencing memorandum requesting a sentence of 60 months, the statutory minimum for his distribution charge.[1] See 18 U.S.C. § 2252(b)(1). The bulk of Defendant's memorandum attacked § 2G2.2, citing the Sentencing Commission's own criticism of that guideline in a 2012 report to Congress, and also asserted that a statutory minimum sentence would satisfy the sentencing purposes outlined in 18 U.S.C. § 3553(a).

---

[1] Defendant's possession conviction did not trigger a statutory minimum prison sentence. See 18 U.S.C. § 2252(b)(2).

At sentencing, the court heard the parties' arguments and analyzed Defendant's case in light of the § 3553(a) factors. The court then acknowledged that the Sentencing Commission's recommendations regarding the child pornography guidelines "appear to be a current topic for Congress that they have not yet acted on," but concluded that "[what is] before the court now is the . . . sentencing guidelines that are in place." As such, the court pointed out that Defendant was "asking that the court vary from the guideline range." The court then acknowledged that "there's some merit to defendant's arguments, and the court has considered that." Nevertheless, based on the evidence and the parties' arguments, the court found "a sentence at the low end of the guideline range . . . is appropriate." Furthermore, the court found a sentence of 151 months for the distribution offense was "sufficient but not greater than necessary" to satisfy the sentencing purposes of § 3553(a)(2)(A), (B), and (C). The court then imposed a 151-month sentence of imprisonment for the distribution charge and a concurrent 120-month sentence for the possession conviction, as well as a five-year term of supervised release to follow Defendant's release from prison. Defendant timely appealed.

## II.

On appeal, Defendant argues only that his sentence is *substantively* unreasonable and that we should therefore vacate it and remand for resentencing consistent with 18 U.S.C. § 3553(a). When reviewing a sentence of imprisonment for reasonableness, we typically "'first ensure that the district court committed no significant procedural error,'" such as "'improperly calculating the Guidelines range[ or] failing to consider the § 3553(a) factors,'" before addressing whether the sentence is substantively reasonable.

United States v. Kieffer, 681 F.3d 1143, 1165 (10th Cir. 2012), cert. denied, 133 S. Ct. 996 (2013) (alteration omitted) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Moreover, Defendant's sentencing argument "bears significant procedural stripes in that he seems to allege that the district court did not properly consider the sentencing factors of 18 U.S.C. § 3553(a)(2)" in light of the alleged flaws in § 2G2.2 and the parsimony clause of § 3553(a).[2] United States v. Palomino-Rodriguez, 301 F. App'x 822, 823 n.1 (10th Cir. 2008) (unpublished). Nevertheless, Defendant expressly disavowed, and therefore waived, any procedural challenge to his sentence at oral argument. See United States v. Turrietta, 696 F.3d 972, 974 n.2 (10th Cir. 2012) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)). Because Defendant waived any procedural error argument, and because we do not detect any ourselves, we proceed directly to the substantive reasonableness of Defendant's sentence.[3]

---

[2] The parsimony clause of § 3553(a) states: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)] . . . ."

[3] Even were we to read Defendant's brief as arguing the court committed a sort of procedural error by deferring to what he believes is a flawed guideline, see Def's Br. at 15–16, that challenge would fail. "[W]hile district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines . . . they are certainly not required to do so." United States v. Huffstatler, 571 F.3d 620, 624 (7th Cir. 2009) (per curiam); see also United States v. Escobar-Aguirre, 409 F. App'x 209, 212 (10th Cir. 2010) (unpublished) ("Although a district court is entitled to vary downward from the guidelines based on policy disagreement with the guidelines, it is also entitled to defer to the policy judgment of the guidelines." (internal citations and quotation marks omitted)). Even in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), on which Defendant relies heavily, the Second Circuit acknowledged that "in light of the Sentencing Commission's relative expertise, sentencing courts 'must

A.

Defendant attacks the substantive reasonableness of his sentence in two steps. First, he asserts we should not apply any presumption of reasonableness to his within-guideline sentence because of what he considers the "inherent flaws" in U.S.S.G. § 2G2.2. Second, he argues that, presumption or no, his sentence is substantively unreasonable in light of the § 3553(a) factors.

We need not resolve Defendant's first contention. We have held "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness," and explained that a defendant may rebut this presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006); cf. Gall, 552 U.S. at 51 ("If the sentence is within the Guidelines range, the appellate court *may, but is not required to*, apply a presumption of reasonableness." (emphasis added)). But even assuming we could disregard this presumption based on a showing that the guideline used to calculate Defendant's sentencing range was indeed flawed, under a substantive reasonableness analysis, Defendant must nevertheless show the sentencing court abused its discretion by imposing the chosen sentence in light of the § 3553(a) factors. See, e.g., United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008)

consult those Guidelines and take them into account when sentencing.'" Id. at 188 (quoting United States v. Booker, 543 U.S. 220, 245 (2005)). The district court here did just that.

(en banc) (declining to adopt a presumption of reasonableness for within-guideline sentences, but noting that, regardless, "[t]he abuse of discretion standard applies to all sentencing decisions, whether the sentence is inside the Guidelines range or outside of it"); cf. United States v. Flores-Escobar, 397 F. App'x 479, 481 (10th Cir. 2010) (unpublished) ("[W]e cannot conclude that a sentence is substantively unreasonable by disagreeing with the Sentencing Guidelines in the abstract, rather than considering the particular sentence in light of the facts and § 3553(a) factors."). Defendant cannot make such a showing on this record.

B.

Again, even disregarding *arguendo* the within-guideline-sentence presumption of reasonableness, we still review the substantive reasonableness of Defendant's sentence under the deferential abuse-of-discretion standard. See, e.g., United States v. Gantt, 679 F.3d 1240, 1249–51 (10th Cir. 2012) (affirming on abuse-of-discretion review a 20-year sentence—13 years higher than the guideline-recommended sentence of 7 years—as substantively reasonable); see also Carty, 520 F.3d at 993. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable. We will reverse the district court's determination only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal citations and quotation marks omitted). This is no easy hill to climb. Indeed, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552

U.S. at 51. Such deference makes good sense. "A sentencing judge has greater familiarity with the case and the defendant before it than this court or the Sentencing Commission and is therefore 'in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" United States v. Munoz-Nava, 524 F.3d 1137, 1148 (10th Cir. 2008) (quoting Gall, 552 U.S. at 51). Applying this standard to Defendant's case, we cannot say the district court abused its discretion by sentencing Defendant to 151 months' imprisonment for distributing child pornography.

In arguing the § 3553(a) factors, Defendant first argues that for purposes of "just punishment," see § 3553(a)(2)(A), his actions do not constitute an aggravated version of distribution. Rather, Defendant maintains he is a "typical," "small-scale distribution" offender. Disregarding Defendant's guideline sentencing range, his distribution offense exposed him to a statutory sentencing range of 60 to 240 months (five to 20 years). 18 U.S.C. §2252(b)(1). His 151-month sentence falls almost squarely in the middle of that statutory range. Regardless of whether sharing and actively trading online from a child pornography collection of 592 photos and 24 videos could fairly be classified "small-scale" distribution, and even assuming Defendant is merely a typical offender, we fail to see how imposing a sentence in the middle of the statutory range on a typical offender is unjust, let alone "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." Regan, 627 F.3d at 1352.

Next, Defendant argues "there is no reason to think" a statutory minimum sentence of five years would be insufficient to meet the deterrence sentencing factor under § 3553(a)(2)(B), and thus "the parsimony clause instructs that a five year sentence

is appropriate here." But this argument ignores the deferential standard by which we review Defendant's sentence. Again, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51; see also United States v. Nghiem, 432 F. App'x 753, 757 (10th Cir. 2011) (unpublished) ("Even if a lesser sentence may have been reasonable in this case, so may a greater sentence. There will almost always be a range of reasonable sentences."). Distributing child pornography is a heinous crime, and the images and videos Defendant possessed and distributed are some of the most heinous imaginable. Imposing a 151-month sentence to deter Defendant and others from sharing and actively trading this content does not strike us as arbitrary, capricious, whimsical, or manifestly unreasonable, let alone outside the bounds of permissible choice.

Defendant also argues he poses little to no risk of recidivism and therefore there is little to no need to protect the public under § 3553(a)(2)(C) from future crimes he might commit. But the court below found the evidence mixed as to whether Defendant might recidivate. Given this mixed recidivism evidence, we cannot say the sentencing court, which was in a superior position to weigh the facts of Defendant's case under § 3553(a), exceeded the bounds of all permissible choice by imposing a sentence in the middle of the statutory sentencing range as opposed to a statutory minimum sentence.[4]

---

[4] Defendant also correctly points out that a sentencing court may not "lengthen[] a prison term to promote an offender's rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2391 (2011). But we see no indication in the record that the court justified the sentence imposed based on the need for rehabilitation under § 3553(a)(2)(D). Rather, the court found at sentencing that a 151-month sentence satisfied the parsimony doctrine in light of §§ 3553(a)(2)(A), (B), and (C). The court never mentioned § 3553(a)(2)(D).

Finally, Defendant relies heavily on the need to avoid unwarranted sentencing disparities under § 3553(a)(6). Importantly, Defendant does not argue the court failed to consider or improperly considered possible unwarranted sentencing disparities. Indeed, that would be a *procedural* argument—which Defendant expressly disavowed. Rather, Defendant asks us to reconsider his sentencing disparity argument for purposes of substantive reasonableness. The gist of his argument is that, given the alleged flaws in § 2G2.2, "by imposing a within-[guideline] sentence, the District Court was actually causing an unwarranted sentencing disparity." Defendant's disparity argument relies on the Second Circuit's decision in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), and a finding in a 2012 Sentencing Commission report that "[b]elow range sentences were imposed in nearly two-thirds" of non-production child pornography cases in 2011, United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses 317 (Dec. 2012), available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf (last visited December 13, 2014).

Dorvee, for its part, is easily distinguishable. In Dorvee, the district court committed procedural error in calculating the defendant's sentence because it believed the defendant's guideline sentencing range for distribution of child pornography was 262 to 327 months, when in fact the guideline sentence was the statutory maximum of 240 months, less time served. See 616 F.3d at 180–82. Moreover, in concluding the defendant's sentence was also substantively unreasonable, the Second Circuit pointed out that the district court, through its explanation of the sentence, appeared to have punished

-9-

him "as though he already had, or would, sexually assault a child, despite medical testimony to the contrary." Id. at 185. The Second Circuit then went on to explain its concern that "§ 2G2.2 sentencing enhancements cobbled together . . . routinely result in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases." Id. at 186. As such, that court expressed concern that

> [b]y concentrating all offenders at or near the statutory maximum, § 2G2.2 eviscerates the fundamental statutory requirement in § 3553(a) that district courts consider 'the nature and circumstances of the offense and the history and characteristics of the defendant' and violates the principle, reinforced in Gall, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct.

Id. at 187.

Although his sentence was calculated under the same guideline, Defendant's case is a far cry from Dorvee. Defendant does not argue that the district court committed any procedural error in calculating his sentence, nor that it appeared to punish him for actions or tendencies not supported by the record. More importantly, Defendant's 151-month sentence is far below the statutory maximum of 240 months. As we explained above, Defendant fancies himself a "typical" child pornography distribution offender, and he received a sentence in the middle of the statutory sentencing range for that offense. Dorvee, therefore, bears little weight on the substantive reasonableness of Defendant's particular sentence in light of the § 3553(a) factors.

Moreover, the Sentencing Commission's findings prove too much for Defendant; indeed, they show that in around one-third of all non-production child pornography cases offenders like Defendant receive a within-guideline sentence. Even disregarding the

presumption that generally attaches to within-guideline sentences, we cannot say that imposing a sentence at the low end of a range the courts consider appropriate in around one-third of all cases—on a concededly "typical" offender—created a sentencing disparity so egregious that it "exceeds the bounds of permissible choice" available to the sentencing court. Regan, 627 F.3d at 1352.

In sum, even having reviewed Defendant's sentence in light of the § 3553(a) factors without regard to the presumption of reasonableness that usually attaches to within-guideline sentences, we still cannot say the sentencing court abused its discretion by imposing a 151-month sentence in Defendant's case.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge