FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

     No. 10-2021

DIXON REGAN,

      Defendant-Appellant.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 1:08-CR-02703-JCH-1)**

_____

John V. Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Gregory J. Fouratt, Assistant United States Attorney (Kenneth J. Gonzales, United States Attorney and Charlyn E. Rees, Assistant United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

_____

Before **BRISCOE,** Chief Judge, and **HOLLOWAY** and **MURPHY**, Circuit Judges.

_____

**HOLLOWAY,** Circuit Judge.

Defendant-appellant Dixon Regan pled guilty to one count of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256. Based on Regan's total offense level and criminal history category, the applicable Sentencing Guideline range was 97 to 121 months of imprisonment. Regan requested a sentence at the statutory minimum of 60 months of imprisonment under 18 U.S.C. § 2252(b)(2). The United States District Court for the District of New Mexico rejected Regan's request and sentenced Regan to 97 months of imprisonment followed by five years of standard and special conditions of supervised release. Regan now appeals his sentence, arguing that the district court abused its discretion by imposing a substantively unreasonable sentence of 97 months of imprisonment.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we hold that the district court did not abuse its discretion by sentencing Regan to 97 months of imprisonment and thus we AFFIRM Regan's sentence.

## BACKGROUND

The Offense Conduct

Through a child exploitation investigation initiated by the Immigration and Customs Enforcement (ICE), Regan was identified as a subscriber to a child pornography website known as "Home Collection." On June 19, 2007, ICE agents contacted Regan at his residence, informed him of two purchases of child pornography they had traced back

to him, and asked to speak with him. Regan agreed to speak with the agents. Regan admitted to accessing adult pornographic websites daily. Regan told the agents that during one session, a pop-up advertisement containing child pornography appeared on his computer screen. Regan opened the advertisement and admitted becoming aroused at images of children aged from six years old through adolescence engaged in sexual intercourse with adults. Regan informed the agents that he purchased a subscription to the advertised website, downloaded images onto his computer, and then canceled his subscription. A few days later, a similar pop-up advertisement appeared on his computer screen and he purchased another subscription. Regan provided the agents with a credit card statement which reflected his second subscription purchase. Regan consented to the seizure of his computer for forensic analysis and also turned over a compact disc to the agents which Regan indicated contained images of child pornography.

The forensic analysis of Regan's computer revealed a total of 13,708 images and 66 video files which depicted children engaged in sexually explicit conduct. Seventeen images depicted sexual intercourse between adults and infants and twenty-two images depicted violent sexual assaults on children involving rope restraints, rope gagging, dog collars, and vaginal and anal intercourse between children and adults. Additionally, a forensic examination of the compact disc revealed approximately nine thousand images of child pornography, yielding a total of approximately 22,800 images and 66 videos of child pornography. At least one of the videos, entitled "Bondage.avi," portrayed images of a prepubescent minor who was bound and tied with ropes to ceiling beams and tables

while being sexually assaulted.  A sample set of the images on Regan's computer was further analyzed to identify known victims whose identities are on file with the FBI and with the National Center for Missing and Exploited Children.  The analysis revealed that Regan possessed 127 known images from nine different series of victims and fifteen different videos from five different series of victims.  R. Vol. 2 ("PSR") ¶¶ 16, 21.

Offender Characteristics

Regan is sixty-two years old.  Regan has a history of mental illness and was diagnosed in 1987 with Bipolar Disorder and Rapid Mood Disorder and has undergone treatment and taken medication for both.  Regan also suffers from suicidal ideation.  Prior to his arrest, Regan had been receiving treatment at the University of New Mexico Psychiatric Center.

At his presentence interview, Regan indicated that he had been sexually assaulted when he was five years old.  Regan stated that "an older guy took me into the woods and made me do something to him."  *Id.* ¶ 55.  Regan had not reported the assault to anyone and did not receive any counseling for it.  Regan further indicated that he suppressed the memory until he was 30, and stated, "I started studying the bible [sic], and I read articles and had a flashback and remembered it."  *Id.*

Regan's sister submitted a letter which was attached as an addendum to the PSR. The letter indicated that Regan's parents had divorced and both parents had remarried. The letter also indicated that Regan had been physically abused when he and his sister visited their father.  *Id.* at 4.

- 4 -

The Indictment, Plea Agreement, and Sentence

On November 18, 2008, a federal grand jury indicted Regan on six counts of knowingly receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256, and on one count of possessing a computer that contained such images in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. Regan entered into a plea agreement and pled guilty to one count of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256. The plea agreement stipulated that the base level of the offense was 22, and that enhancements would apply because the contraband involved a prepubescent minor (an increase of two levels), the contraband portrayed sadistic or masochistic conduct or other depictions of violence (an increase of four levels), and the offense involved the use of a computer (an increase of two levels). R. Vol. 1 at 12-13. Reductions applied to the total offense level because Regan's conduct was limited to the receipt of child pornography without an intent to distribute it (a decrease of two levels), and because Regan clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct (a decrease of three levels). *Id.*

The PSR's calculation of the Guideline range incorporated the stipulations in the plea agreement and further recommended a five-level enhancement under § 2G2.2(b)(7)(D) because Regan's offense involved in excess of 600 images. R. Vol. 2 at 13-14. Including the five-level enhancement, Regan's total offense level was 30. *Id.* at

15. Because Regan had no prior criminal history, his criminal history category was I. The Sentencing Guideline range for Regan's total offense level of 30 and criminal history category of I was 97 to 121 months. *Id.* at 22.

In its pre-sentencing memorandum, the government requested a sentence of 97 months, arguing that such a sentence would be "reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a)." R. Vol. 1 at 22. Regan requested a downward variance to a sentence of sixty months, the statutory minimum under 18 U.S.C. § 2252(b)(1). *Id.* at 39. Regan did not dispute the Guideline calculations, nor did Regan object to any of the recommendations in the PSR, including the five-level enhancement that applied for possessing upwards of 600 images. Rather, Regan argued that a Guideline sentence would be unreasonable, excessive, and overly harsh under 18 U.S.C. § 3553(a).

On January 14, 2010, the district court held a sentencing hearing. The court accepted the plea agreement and indicated that Regan would be sentenced to 97 months of imprisonment, followed by five years of standard and special conditions of supervised release. R. Vol. 3 at 16-17. The judgment was entered on January 19, 2010, and Regan timely filed a notice of appeal on January 27, 2010.

## DISCUSSION

Regan raises only one issue on this appeal: whether the sentence imposed by the district court of 97 months of imprisonment was substantively unreasonable. On our review of a sentence, first, we ensure "that the district court committed no significant

procedural error, such as failing to calculate (or improperly calculating) the Guideline

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).  Next, we "consider the

substantive reasonableness of the sentence imposed under an abuse-of-discretion

standard." *Id.*  A district court "abuses its discretion 'when it renders a judgment that is

arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Haley*,

529 F.3d 1308, 1311 (10th Cir. 2008) (quoting *United States v. Muñoz-Nava*, 524 F.3d

1137, 1146 (10th Cir. 2008)).  We will reverse the district court's determination "only if

the court 'exceeded the bounds of permissible choice,' given the facts and the applicable

law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)

(quoting *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).  If the

sentence imposed is within the properly calculated Guidelines range, we may apply a

presumption of reasonableness to the sentence on our appellate review.  *United States v.*

*Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *see Rita v. United States*; 551 U.S. 338, 347

(2007).  Because neither party argues that the district judge committed any procedural

error, and because we detect none, we will proceed directly to Regan's arguments on the

substantive unreasonableness of his sentence.

Regan advances two arguments in support of his position that his sentence is

substantively unreasonable.  First, Regan argues that the district court accorded too much

weight to the applicable Sentencing Guideline range because the Guideline range was not

based on careful empirical study. Rather, Regan argues that the Sentencing Guideline

ranges for child pornography offenses have escalated as a result of the general revulsion

associated with child pornography and in this case, yield a sentence that is out of line with

the § 3553(a) factors. Second, Regan argues that applying the individualized sentencing

factors under 18 U.S.C. § 3553(a)(2) "compels the conclusion that a sentence of 60

months is sufficient, but not greater than necessary, to comply with the purposes of

sentencing." Appellant's Br. at 26.

In support of his first argument, Regan relies on two cases in which the respective

courts held that the applicable Sentencing Guideline range in the child pornography cases

before them was difficult to reconcile with the individualized weighing of factors required

by § 3553(a). Appellant's Br. 17-23 (discussing *United States v. Dorvee,* 604 F.3d 84 (2d

Cir. 2010) and *United States v. Grober*, 595 F. Supp. 2d 382 (D.N.J. 2008)). *Grober*

reviewed the decisions of several other district courts that declined to accord the

Sentencing Guidelines range deference. *Grober*, 595 F. Supp. 2d at 391-93 (quoting

*United States v. Baird*, 580 F.Supp.2d 889, 893-94 (D. Neb. 2008) ("[B]ased on the

history of the child pornography guidelines as the Commission has keyed them into

policy and statutory mandates, the sentencing ranges of imprisonment are 'a less reliable

appraisal of a fair sentence.'"); *United States v Shipley*, 560 F.Supp.2d 739, 744 (S.D.

Iowa 2008) ("[T]he guidelines for child exploitation offenses were not developed using

an empirical approach by the Sentencing Commission, but were rather mainly

promulgated in response to statutory directives . . . . These modifications do not appear to

be based on any sort of empirical data, and the Court has been unable to locate any particular rationale for them beyond the general revulsion that is associated with child exploitation-related offenses."); *United States v. Hanson*, 561 F.Supp.2d 1004, 1010-11 (E.D. Wis. 2008) ("The flaw with U.S.S.G. § 2G2.2 today is that the average defendant charts at the statutory maximum . . . . The results are illogical." (quoting Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines* 22-23 (June 10, 2008), http://www.fd.org/pdf_lib/Deconstructing the Child Pornography Guidelines 6.10.08.pdf)); *United States v. Johnson*, 588 F.Supp.2d 997, 1003-04 (N.D. Iowa 2008) ("At the urging of Congress, the Sentencing Commission has amended the guidelines under § 2G2.2 on several occasions, recommending more severe penalties. As far as this Court can tell, these modifications do not appear to be based on any sort of empirical data, and the Court has been unable to locate any particular rationale for them beyond the general revulsion that is associated with child exploitation-related offenses.")). Consequently, the district judge in *Grober* found the reasoning of those courts persuasive and was convinced that "the present guideline, § 2G2.2, must be given less deference than the guidelines traditionally command." *Id.* at 412.

Similarly, in *Dorvee*, the Second Circuit noted that the Sentencing Guidelines provisions for child pornography, "unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." 616 F.3d at 184. *Dorvee* was particularly troubled by the observation that "the Guidelines actually punish

some forms of direct sexual contact with minors *more leniently* than possession or distribution of child pornography." *Id.*  In *Dorvee*, the Second Circuit held that the sentence of 240 months of imprisonment, the statutory maximum and operative Guideline sentence,[1] was substantively unreasonable.  *Id.* at 188.  *Dorvee* characterized § 2G2.2 as "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results," and held that the Guideline sentence was substantively unreasonable.  *Id.*

While Regan's argument is quite forceful, Regan appears not to have made the argument to the district court judge in either his sentencing memorandum or at the sentencing hearing.  Regan did argue to the district court that first-time offenders for more violent crimes such as bank robbery (under 18 U.S.C. § 2113(a) and U.S.S.G. § 2B3.1), career offenders (under U.S.S.G. § 4B1.1), or repeat and dangerous sex offenders against minors (under U.S.S.G. § 4B1.5) would receive lesser sentences than Regan if he were to receive the Guideline minimum of 97 months of imprisonment.  R. Vol. 1 at 45-46.  However, as the government argued, Oral Argument 14:40, and as our review of the record confirms, Regan did not raise the argument that the Guidelines are entitled to less deference because they are not the result of empirical study by the Sentencing Commission.  Moreover, as Regan conceded at oral argument, he did not raise the above-

---

[1]    In *Dorvee*, the defendant's total offense level and criminal history category yielded a Guideline range of 262 to 327 months of imprisonment, the entirety of which was above the statutory maximum of 240 months.  616 F.3d at 176-77, 180-81.  The Second Circuit clarified that the operative Guidelines range was thus 240 months of imprisonment.  *Id.* at 181.

mentioned body of cases or literature to the district court for its consideration prior to imposing Regan's sentence.[2] Oral Argument at 17:50. Furthermore, none of the cases cited above were binding precedent on the district court. Therefore we cannot hold that the district court abused its discretion by failing to consider an argument that Regan did not raise.

As to Regan's second argument, Regan argues that an individualized application of the § 3553(a) factors compels the conclusion that any sentence in excess of the statutory minimum of 60 months would be harsher than necessary to satisfy the goals of sentencing: (i) to reflect the seriousness of the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Appellant's Br. 24. Regan argues that he should be entitled to a sentence at the statutory minimum given his age, and that his offense was purely voyeuristic. Moreover, Regan argues that he has a history of mental illness for which he has responsibly sought treatment and taken medication, and that he himself was the victim of sexual assault when he was five years old. He is also a first-time offender with no prior contact with the criminal justice system and fully cooperated with law enforcement agents throughout his case.

Regan's arguments, however, are not sufficient to compel the conclusion that the

---

[2]     Although *Dorvee* had not yet been decided when the district judge sentenced Regan, the other cases cited in Regan's appellate briefing had been decided and none of them had been cited to the district judge.

district court abused its discretion by declining to grant Regan a downward variance and sentencing Regan to 97 months of imprisonment. "[G]iven the district court's institutional advantage . . . to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) . . . we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors." *Haley*, 529 F.3d at 1311. We "may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Accordingly, we note that all of the factors Regan argues here were also argued before the district court. In support of its request for a 97-month sentence, the government argued that the nature and circumstances of Regan's offense were serious. Because child pornography promotes the victimization of children, individuals like Regan create a demand for its further production and abuse of children, even if their conduct is purely voyeuristic. Moreover, the volume of images in Regan's possession, including the images which conformed to the Guideline definition of sadistic or masochistic conduct, increased the seriousness of his offense.

At the sentencing hearing, the district judge made the following comments:

I've given careful consideration to all the arguments that have been presented in this case. I carefully reviewed the sentencing memoranda that were submitted by both sides. I have carefully reviewed the material in the presentence report. I carefully considered the factual support that was presented in the plea agreement.

And I have carefully reviewed not only the guideline applications, but also the sentencing factors that are set forth in 3553. And after reviewing all of the

material, my conclusion is that a guideline sentence at the low end is appropriate in this case. So that's my intent.

R. Vol. 3 at 15-16. Similarly, when the district court entered the judgment, the following was written:

> The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. 3553(a). The Court also believes the sentence is reasonable and provides just punishment for the offense.

R. Vol. 1 at 51. Given the court's statement explaining its rationale for imposing a sentence at the bottom of the Guideline range, including its conclusion that the sentence was in line with the § 3553(a) factors, we do not find that it abused its discretion by sentencing Regan to 97 months of imprisonment.

We note that our Circuit applies a presumption of reasonableness to a district court's sentence that falls within a properly-calculated Sentencing Guideline range. *Kristl*, 437 F.3d at 1054; *see Rita*, 551 U.S. at 347. However, we decline to reach whether the presumption has been rebutted in the instant case by the policy arguments advanced by Regan in his first argument above, and hold that the district court did not abuse its discretion whether or not the presumption of reasonableness applies.

## CONCLUSION

Accordingly, we AFFIRM the district court's imposition of a sentence of 97 months of imprisonment.

- 13 -