**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MELECIO GONZALES,

    Defendant-Appellant.

No. 11-1317

(D.C. No. 1:10-CR-00396-CMA-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MCKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

This is a direct appeal by Melecio Gonzales following his plea of guilty to one count of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §922(g)(1). The sole issue raised by Gonzales on appeal is whether his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence of fifty-seven months of imprisonment is substantively unreasonable. Gonzales concedes that the sentencing court properly calculated the advisory guidelines range. After applying an abuse of discretion standard of review, we conclude that the sentence imposed was not substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

Pursuant to a plea agreement, Gonzales pled guilty to one count of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court calculated the advisory guidelines range at fifty-seven to seventy-one months, based in part on the defendant's prior felony crime of violence and his other prior convictions. Gonzales requested a downward variance to a sentence of thirty months based on his age (fifteen years) at the commission of his prior crime of violence and his exposure to a violent gang environment as a youth. The government opposed the motion. After considering the motion and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court determined that a sentence of fifty-seven months' imprisonment was sufficient but not greater than necessary to achieve the purposes of § 3553(a).

Gonzales timely appealed, challenging only the substantive reasonableness of his sentence. Specifically, Gonzales contends that the district court failed to give sufficient weight to Gonzales's status as a juvenile at the time he committed his predicate felony crime of violence and to the gang-related activity that dominated Gonzales's community and family, and gave too much weight to Gonzales's risk of recidivism.

2

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Tatum, 518 F.3d 769, 770-71 (10th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 46, 51 (2007)). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citations omitted). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008).

Further, in a case like this, where a sentence falls within the properly calculated guideline range and is later challenged on appeal, we presume on appeal that the sentence is substantively reasonable. United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Id.

Section 3553(a) requires the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in that section. Factors assessed in making this determination include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established [by Congress or the Sentencing Commission policies and guidelines for crimes of this type];
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In spite of Gonzales's arguments to the contrary, the district court did consider that he was a juvenile at the time he committed his predicate felony crime of violence and that gang-related activity dominated Gonzales's community and family. Record on Appeal (ROA), Vol. II at 64–67, 78–79, 81–82. Further, the court has considered the other appropriate factors under § 3553(a), and did not overly rely on Gonzales's risk of recidivism. Id. at 64–67, 78–79, 81–82. As the court noted, "This is [Gonzales's] second conviction for being a felon in possession of a firearm, and he committed this offense while he was on probation for his prior conviction for being a felon in possession of a firearm . . . . [Gonzales] has repeatedly failed to comply with judicial interventions that have been attempted in his many criminal cases, as reflected by the revocations of probation and other alternatives to incarceration that have been imposed." Id. at 65. Gonzales has failed to rebut the presumption that his within-guideline range sentence is

4

substantively reasonable.  Thus, the district court did not abuse its discretion by imposing a fifty-seven month sentence.

For these reasons, we AFFIRM the district court's sentence.

Entered for the Court


Mary Beck Briscoe
Chief Judge