**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTHONY W. McCOSAR,

  Petitioner−Appellant,

v.

JANE STANDIFIRD, Warden,

  Respondent−Appellee.

No. 12-5017
(D.C. No. 4:11-CV-00299-GFK-TLK)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

  Anthony McCosar seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We conclude that the district court's ruling was reasonably debatable but nevertheless a permissible exercise of discretion. Accordingly, we grant a COA and, exercising jurisdiction under 28 U.S.C. § 1291, affirm the district court's dismissal of McCosar's petition.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

McCosar was convicted in Oklahoma state court of assault and battery with a deadly weapon and several other related charges. On June 17, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences, but vacated fines imposed as part of his sentence. On September 1, 2010, McCosar filed an application for post-conviction relief in Oklahoma state court. That court denied the application, and the OCCA affirmed the denial on March 29, 2011. McCosar filed for federal habeas relief in a petition dated May 10, 2011. The district court concluded that McCosar's petition was filed approximately one month after the one-year limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") had expired and that McCosar was not entitled to equitable tolling. Accordingly, the district court dismissed the petition as untimely. McCosar now seeks a COA to appeal that ruling.

**II**

When a district court dismisses a petition on procedural grounds, we will grant a COA if the petitioner can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Although we conclude that McCosar is entitled to a COA, we ultimately affirm the district court's dismissal of his petition. See Allen v. Zavaras, 568 F.3d 1197 (10th Cir. 2009) (granting COA but affirming dismissal

of petition).

AEDPA's one-year limitations period generally begins at "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because McCosar did not seek certiorari from the United States Supreme Court following the OCCA's decision on direct appeal, his conviction became final on September 15, 2009, when the time to seek certiorari review expired. See Sup. Ct. R. 13(1).

The AEDPA limitations period is tolled by a properly filed state application for post-conviction relief. § 2244(d)(2). When McCosar filed his state petition on September 1, 2010, he had fifteen days remaining to file a federal habeas petition. His state filing suspended the limitations period until the OCCA affirmed the denial of his petition on March 29, 2011. Thus, the limitations period for McCosar's federal petition expired fifteen days later, on April 13, 2011.

Habeas petitions may be equitably tolled in some circumstances. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner seeking equitable tolling must establish that "some extraordinary circumstance stood in his way and prevented a timely filing" and that "he has been pursuing his rights diligently." Id. at 2562 (quotations omitted). Moreover, the petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). We review a district court's decision on equitable tolling for abuse of discretion. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Before the district court, McCosar attributed his delay to the OCCA's failure to send him notice of its decision affirming the denial of his petition for post-conviction relief. In response to a motion to dismiss, he asserted that he "only found out about the Court's decision after having a family member check" the Oklahoma courts website, and that he filed his habeas petition "upon determining that a decision had been made on appeal." McCosar further stated that he "had every intent of timely prosecuting the instant petition for writ of habeas corpus and had the habeas petition prepared and ready for submission upon receiving notice" of the OCCA's decision.

The district court recognized that delayed notice of a decision can constitute "extraordinary circumstances." See Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001). It nevertheless faulted McCosar for not providing the date on which he learned of the OCCA's decision and for failing to produce any supporting evidence, such as the prison mail log. The court further reasoned that the time period between the finalization of McCosar's direct appeal and his filing of his state petition—approximately eleven and a half months—weighed against a finding of due diligence.

We conclude that reasonable jurists could debate whether the district court abused its discretion in refusing to equitably toll McCosar's limitations period. The petition was filed just one month late, and although McCosar failed to provide the date that he learned of the OCCA decision, a court would not be remiss in overlooking this omission given his pro se status and the short period involved. We further conclude that the due

- 4 -

diligence issue is debatable given that McCosar claims to have prepared his federal petition in advance of the OCCA's decision. See Holland, 130 S. Ct. at 2565 ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." (quotations omitted)); see also Woodward, 263 F.3d at 1139, 1143 (remanding on equitable tolling issue despite eleven-month delay between date conviction became final and date of state petition for post-conviction relief).[1]

Nonetheless, we must be mindful of the deferential standard of review over equitable tolling determinations. We may reverse a district court for abusing its discretion only when it "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010) (quotation omitted). Although reasonable jurists may disagree with the district court's holding, we conclude that its decision to deny equitable tolling was within the bounds of permissible choice.

### III

For the foregoing reasons, we **GRANT** a COA and **AFFIRM** the dismissal of

---

[1] To obtain a COA, McCosar must also show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484. "Because the district court did not address these claims and the parties have not briefed them on appeal, our review is limited. We will only take a quick look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." Gibson v. Klinger, 232 F.3d 799, 802-03 (10th Cir. 2000) (quotations omitted). We conclude that McCosar's petition satisfies this standard.

McCosar's habeas petition.

Entered for the Court


Carlos F. Lucero
Circuit Judge