FILED
United States Court of Appeals
Tenth Circuit

August 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JULIO ROSARIO, JR.,

     Defendant-Appellant.

No. 13-3015

(D.C. No. 6:12-CR-10191-MLB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

    Defendant Julio Rosario pleaded guilty to a one-count indictment for failing to register as a sex offender under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). Applying the 2012 version of the guidelines manual, the presentence report (PSR) assigned Defendant a total offense level of 12, resulting from a base offense level of ten and a two-level decrease for acceptance of responsibility. See U.S.S.G. §§ 2A3.5(a)(3); 3E1.1(a). Defendant's criminal history was category VI,

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

yielding a guideline range of 24–30 months.  See U.S.S.G. §5A (2012).  Varying upward, the district court sentenced Defendant to a term of 48 months' imprisonment.  On appeal, Defendant challenges the length of his sentence.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

I.

Defendant was convicted in 2005 of attempted third-degree sexual assault in Alaska.  Consequently, he is required to register as a sex offender for 15 years. See U.S.C. § 16913(e); Alaska Stat. § 12.63.020(a)(2). In March, 2012, Defendant moved to Kansas to be with his common-law wife and six-year-old son.  He then contacted the Sedgwick County Sheriff Offender Registration Unit and inquired about registering as a sex offender.   A county clerk provided Defendant with registration paperwork and advised him of the requirement to make quarterly payments.  Defendant stated he needed more information, left, and never came back.  Deputies arrested Defendant in August, 2012.  When questioned, Defendant stated he "tried, but [the deputies] wanted too much money and information.  [He] got frustrated and left."  R.O.A. Vol. II, at 6.  A subsequent forensic psychological evaluation indicated Defendant's intellectual functioning is in the 8th percentile and his reasoning abilities are just above those commonly observed among persons diagnosed with mental retardation.   The evaluation concluded Defendant's failure to register could be, at least in part, attributed to his limitations in intelligence and reasoning abilities. R.O.A. Vol. II, at 20–21.

Emphasizing his limited mental capacity, Defendant filed a sentencing memorandum prior to the sentencing hearing requesting a variance below the advisory

guidelines. Defendant argued his criminal history is not as severe as it may appear and he had learned his lesson. The PSR revealed that Defendant has nine prior assault convictions, including one for sexual assault, convictions for possession and for possession with intent to distribute controlled substances, and convictions for various other crimes including theft, making a false report, failing to register as a sex offender, violating protective orders, a DUI, and driving without insurance. Most of Defendant's assault convictions and violations of protective orders involve offenses directed at his current common-law wife. In his memorandum, Defendant noted he had not been convicted or charged with drug-related activity since 1991, his only theft conviction resulted from stealing a candy bar from a convenience store in 2000, and "he was convicted of attempted sexual assault in 2004 based upon placing his penis in the hand of his 18 year old niece while she was sleeping. He remains thoroughly humiliated by his actions, will not speak about it and nothing like that has ever happened again." R.O.A. Vol. I, at 24. Furthermore, "recent history both in Alaska and here in Kansas indicates [he and his wife] are learning to deal with conflicts in a reasonable manner . . ." Id. at 24–25.

Unpersuaded, the district court indicated it was considering an upward variance up to the statutory maximum of ten years based on Defendant's criminal history involving assaultive behavior. At the sentencing hearing, Defendant and his counsel again asked for a downward variance. Defendant stated he had made a lot of progress with his anger management classes and since 2010 he had been doing well. "I changed a whole lot. I am very impressed with myself. And I wish my wife was here because she would tell

you she's impressed with me, too . . . ." R.O.A. Vol. III. at 12. Still unpersuaded, the district court indicated that a 30-month sentence, the high-end of the guideline range, was not sufficient under the terms of 18 U.S.C. § 3553(a) to deter Defendant from further crimes. Expressing its concern with Defendant's repeated assaultive behavior, the district court varied upwards to the 48-month sentence that is the basis of this appeal. In its statement of reasons for a sentence outside the advisory guidelines, the court cited the nature and circumstances of the offense and the history and characteristics of Defendant, the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes from Defendant, and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. §§ 3553 (a)(1); (a)(2)(B)–(a)(2)(D).

## II.

On appeal, Defendant argues a combination of two factors resulted in an unreasonable sentence: "(1) unreasonable lack of balance in applying 18 U.S.C. § 3553(a) factors and (2) reliance upon misinformation regarding the criminal history . . . ." Appellant's Br. at 1. In other words, "the sentencing, including the district court's intention to vary upward, focused on his criminal history of assaults. In essence, he was sentenced for the assaultive behavior in his criminal history, without regard to the crime of conviction." Appellant's Br. at 10.

We review sentences for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by

- 4 -

which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008) (quoting United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006)). But Defendant only argues his sentence was substantively unreasonable. Substantive review "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007). We reverse "only if the [district] court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotations and citations omitted).

## A.

Defendant first argues the district court improperly focused on his criminal history of assaults without regard to the crime of conviction. First, while 18 U.S.C. § 3553(a)(1) requires the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," this is only one of several factors that inform a district court's decision. See 18 U.S.C. § 3553(a). Defendant's argument conveniently ignores the other factors and the substantial deference afforded to the district court's decision. "We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them . . . . Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008). We are not unsympathetic to Defendant's limitations and the

unfortunate circumstances giving rise to the facts of this case. However, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." United States v. Alpizco-Valenzuela, 546 F.3d 1208, 1216 (10th Cir. 2008) (internal citation omitted).

Here, because Defendant's lengthy criminal history shed light on facts directly relevant to the §3553(a) factors, the district court did not err in giving it significant weight.[1] The district court did not abuse its discretion by finding that Defendant's criminal history demonstrated Defendant had been undeterred by his prior encounters with the criminal justice system, he posed an ongoing danger to his wife and others, and he demonstrated a need for some type of anger control counseling. See 18 U.S.C. §§ 3553(a)(2)(B)–(D).

## B.

Defendant also suggests "the district court's interpretation of [his] criminal history was unreasonable" in light of the other sentencing factors in § 3553(a). Appellee's Br. at 9. In support, Defendant makes three points. First, the record does not support the district court's conclusion that he posed a risk to his son. Second, the district court's interpretation of his 1996 assault conviction "was unreasonable and inaccurate and

---

[1] We have previously held that a district court can consider uncontested facts included in the PSR relating to prior arrests for sentencing purposes. See United States v. Mateo, 471 F.3d 1162, 1166 (10th Cir. 2006); United States v. Valtierra-Rojas, 468 F.3d 1235, 1241 (10th Cir. 2006).

unduly influenced the court's decision to vary upward." Appellant's Br. at 13. Finally, the district court's conclusion that he had not learned from his history was unreasonable.

Turning to Defendant's first point, Defendant correctly notes that nothing in the record indicates Defendant has assaulted or threatened to assault his son. The record, however, shows the district court extrapolated from the uncontested facts in the PSR—including the number, frequency, and seriousness of Defendant's various assault convictions—to draw conclusions about Defendant's characteristics. Undoubtedly, Defendant's past conduct has demonstrated a propensity towards violence. Between 2006 and 2010, at least three of Defendant's four assault convictions and both of his convictions for violations of protective orders relate to his wife.[2] Defendant's six-year-old son lives with Defendant's wife. Thus, the court did not abuse its discretion in concluding Defendant posed a threat to his family.

In his second point, Defendant challenges the accuracy of the district court's interpretation of his 1996 assault conviction. "[A] defendant [has an] obligation under Rule 32(i)(3)(A) to point out factual inaccuracies included in the PSR." United States v. Wolfe, 435 F.3d 1289, 1299 (10th Cir. 2006). Here, however, Defendant does not challenge facts contained in the PSR, but rather the conclusions the district court drew from these facts. The PSR describes the 1996 incident as follows:

> According to the Complaint, witnesses reported that they saw the defendant hold open a folding knife to the chest of J.R., the victim during a verbal and physical altercation, push her into various objects inside her house, and grasped her by the throat while holding her against a door. The reporting officer noted that he

---

[2] The record does not contain descriptions of all of Defendant's assault convictions.

witnessed bruising on her leg and a fine puncture wound to the skin of her chest. The defendant denied the accusations, as alleged in the complaint.

R.O.A. Vol. II, at 9.

At the sentencing hearing, the district court interpreted the above statement as stating that Defendant bruised and punctured the victim's lung. Defendant argues this characterization of the facts "unduly influenced the court's decision to vary upward." Appellant's Br. at 13. In arguing for a downward variant sentence, defense counsel characterized Defendant's assault convictions as "basically fights with his wife," R.O.A. Vol. III, at 6, to which the district court judge responded:

> You know, I've seen a lot of these, and I always, basically, if it's just one instance, [defense counsel], discount them. I recognize that these domestic things are usually both people's fault . . . . But this has happened in his case six or seven times over a long period . . . [I]f it was one time or two times, maybe; but this has gone on and on and on with your client.

R.O.A. Vol. III, at 8–9.

While defense counsel correctly points out that the 1996 "event was the only set of facts the district court referenced in its review of the assaultive criminal history," Appellant's Br. at 13, the district court followed its interpretation of the 1996 events with the following statement:

> And in 2000, another assault. 2001, another assault. 2006, another assault. 2007, another assault. 2008, another assault . . . . I have to consider your statements in view of your history and your history is not consistent with learning anything about the importance of not assaulting people and staying out of trouble with the courts.

R.O.A. Vol. III, at 19. The sentencing transcript makes clear that the district court was more concerned with Defendant's lengthy history of assaultive behavior, rather than the

isolated facts of the 1996 assault conviction. Despite its mischaracterization, the district court did not abuse its discretion in imposing an upward variant sentence based on Defendant's repeated assaultive criminal history.

Finally, Defendant challenges the district court's conclusion that he had not learned from his history as unreasonable. Defendant was last released from custody in January, 2012, after serving time for violating a protective order regarding his common-law wife. Evidence exists in the record that Defendant and his wife lived together from March until August, 2012, and that during that time no incidents occurred, and no calls to the police or to his wife's family were made. Defendant argues he demonstrated he had his anger management under control and had learned from his mistakes and thus the court erred in concluding otherwise. However, just because Defendant has not assaulted his wife or otherwise behaved in a manner that requires involvement by either law enforcement or a third party does not dispositively prove he has his anger under control and has learned his lesson. The conclusion that a person with Defendant's history of assaultive behavior, though seemingly changed for a couple of months, might assault his wife or others is not unfounded. Thus, the District Court's conclusion that Defendant

needed further deterrence and correctional treatment was not unreasonable.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge