FILED
United States Court of Appeals
Tenth Circuit

May 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANTHONY REY,

     Defendant - Appellant.

No. 14-1445
(D.C. No. 1:14-CR-00106-REB-1)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, Chief Judge, **MURPHY**, and **BACHARACH**, Circuit Judges.
_____

The defendant, Mr. Anthony Rey, was convicted of possessing a firearm and ammunition after conviction of a felony. In considering the sentence, the court calculated the guideline range (57-71 months) based in part on a conviction 9½ years earlier. In considering the guideline range and other statutory factors, the court ultimately sentenced Mr. Rey at the bottom of the guideline range (57 months). In this appeal, we are asked to decide: Did consideration of a 9½-year-

---

[*]    The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

old conviction render the sentence substantively unreasonable? We conclude the conviction was not too old and that the sentence was substantively reasonable. As a result, we affirm.

## I.    Standard of Review

The parties disagree on the standard of review. The defendant urges application of the abuse-of-discretion standard; the government argues that we should apply the plain-error standard because the defendant failed to raise its present argument in district court. For the sake of argument, we can apply the standard urged by the defendant: the abuse-of-discretion standard. Under this standard, we reverse only if the district court imposed a sentence that was "'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. White*, 782 F.3d 1118, 1129 (10th Cir. 2015) (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)). In applying this standard, we can presume that a sentence is substantively reasonable when it falls within the guideline range. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). With this presumption, we can reverse only if the district court selected a sentence that was outside the bounds of permissible choice. *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010).

## II.    Application of the Standard of Review

Applying this standard, we conclude that the district court chose a sentence within permissible bounds. Because the court imposed a prison term within the

2

guideline range, we presume that the sentence was substantively reasonable. *See Kristl*, 437 F.3d at 1054.

This presumption is rebuttable. *See id.* Mr. Rey tries to rebut the presumption, arguing that his conviction 9½ years earlier was too old to be meaningful. The court could have discounted the conviction because of the number of years that had passed. But the court also had the discretion to consider the conviction notwithstanding the passage of 9½ years. After all, the conviction fell within the Sentencing Commission's cutoff period (10 years). *See* U.S. Sentencing Guidelines Manual § 4A1.2(e)(2).

Though the conviction was 9½ years old, the court pointed to four facts that supported a relatively harsh sentence:

1. The conviction arose from an incident in which Mr. Rey menaced a person with a shotgun.

2. Mr. Rey had a criminal history that was extensive and disturbing.

3. He had a history of violence, weapons possession, abuse, and failure to comply with court conditions.

4. Four prior crimes were not taken into account under the sentencing guidelines.

Sent. Tr. at 46-48. Balancing these factors, the court chose to sentence Mr. Rey at

3

the bottom of the guideline range. That choice fell within the district court's

discretion. As a result, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge