**UNITED STATES COURT OF APPEALS**

**April 1, 2015**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES P. BURG,

    Defendant - Appellant.

No. 14-1211
(D.C. No. 1:12-CR-00450-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, Chief Judge, **SEYMOUR** and **KELLY**, Circuit Judges.
_____

Defendant James Burg pleaded guilty and was convicted of one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of willful failure to file a tax return, in violation of 26 U.S.C. § 7203. The district court sentenced Burg to 90 months' imprisonment and ordered Burg to pay $2,464,099 in restitution.

Burg appeals his sentence, arguing that it is substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

1. *Crimes*

Between 2007 and 2012, Burg carried out a fraud scheme. He claimed that he was in the business of selling gold coins and held himself out as a "Christian coin dealer." ROA Vol. II, at 7. He advertised his services on the radio and internet, using several websites that he controlled. He also communicated directly with some customers face-to-face, by phone, or by email. On one of his websites, he stated, "My motto is 'honesty and fairness' and you can't ask for more." Id. Burg successfully convinced 41 victims to send him money for the purchase of coins.

Burg took money from his victims, but in most cases failed to deliver the coins as promised. Instead, he offered a litany of excuses to customers when they asked why their coins had not been delivered. Only a few customers who threatened to sue or to go to the police ever received the coins they ordered. A few also received refunds that Burg paid by using other customers' payments for coins. For the most part, however, customers who sent Burg money for the purchase of coins received nothing in return. In total, Burg defrauded customers of nearly $2.5 million.

Burg also failed to file required federal tax returns for the years 2003 through 2009. For the years 2006 and 2007, Burg filed returns but entered zeroes on all of the lines where dollar figures are usually entered, causing the IRS to

treat his returns as though they had not been filed. For the remaining tax years, Burg filed no returns at all.

Burg was charged with six counts of wire fraud, in violation of 18 U.S.C. § 1343; nine counts of mail fraud, in violation of 18 U.S.C. § 1341; four counts of engaging in a monetary transaction in property derived from stolen activity, in violation of 18 U.S.C. § 1957; and four counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203. He pleaded guilty to one count of mail fraud and one count of willful failure to file a tax return. The remaining twenty-one counts were dismissed pursuant to his plea agreement.

2. *Sentence*

In accordance with the plea agreement and Presentence Investigation Report, the parties agree that the resulting sentencing range as calculated under the United States Sentencing Guidelines was 63 to 78 months' imprisonment.[1]

---

[1] The base offense level for the fraud count was 7. U.S.S.G. § 2B1.1. A sixteen-level increase applied because the loss was between $1 million and $2.5 million. U.S.S.G. § 2B1.1(b)(1)(I). A two-level increase applied because the offense involved ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A). A two-level increase applied because the offense involved relocation to another jurisdiction to evade law enforcement. U.S.S.G. § 2B1.1(b)(10). Thus, the adjusted offense level for the fraud count was 27.

The base offense level for the tax count was 22. U.S.S.G. §§ 2T1.1, 2T4.1 (tax table). A two-level increase applied because Burg had failed to report income exceeding $10,000. U.S.S.G. § 2T1.1(b)(1). Thus, the adjusted offense level for the tax count was 24.

The fraud and tax counts did not group because they did not entail closely related conduct. U.S.S.G. § 3D1.2. The combined offense level was therefore calculated under U.S.S.G. § 3D1.4. Pursuant to that rule, the combined offense level was 29. Burg merited a three-level reduction for acceptance of responsibility, resulting in a final offense level of 26.

(continued...)

3

The district court, however, made it very clear that it would *not* rely on the Guidelines in determining the appropriate sentence, but would instead impose a sentence in accordance with 18 U.S.C. § 3553(a). The court sentenced Burg to 78 months' imprisonment on the fraud count and 12 months' imprisonment on the tax count, to run consecutively, for a total of 90 months' imprisonment. The court also ordered Burg to pay $2,464,099 in restitution.

## II

Burg argues that his 90-month sentence is substantively unreasonable. "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotation marks omitted). These factors include "the nature of the offense and the characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006); see also United States v. Gall, 552 U.S. 38, 50 n.6 (2007).

The district court's sentencing decision is reviewable only for abuse of discretion. Kristl, 437 F.3d at 1053. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly

---

[1](...continued)
Burg's criminal history category was I, so his resulting sentencing range was 63 to 78 months. U.S.S.G. Sentencing Table.

4

unreasonable." United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted).

When a sentence falls within the properly calculated Guidelines range, we "apply a presumption of reasonableness to the sentence." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010). A defendant can rebut that presumption by showing that the sentence was unreasonable "in light of the § 3553(a) factors." United States v. Martinez-Barragain, 545 F.3d 894, 905 (10th Cir. 2008). In the present case, however, the parties agree that Burg's 90-month sentence is outside the Guidelines range of 63 to 78 months and is not presumptively reasonable.[2] Even without this presumption, however, we conclude that Burg's sentence is substantively reasonable.

Burg's primary argument is that "the fraud guideline on its own terms uniformly yields ranges that are too high," see Aplt. Br. at 23, and that the district court "determined the fraud guideline to be unsound in ways that marked that guideline as being, at all points, too high on its own stated terms." Aplt. Reply Br. at 8. Burg argues that the district court abused its discretion because it imposed an above-guidelines sentence even though the court found that the fraud guidelines recommend sentences that are uniformly too long. But we reject the premise of this argument. The district court appears to have rejected the

---

[2] In its appellate briefing, the government originally argued that Burg's sentence was within the Guidelines range and therefore presumptively reasonable. Recognizing that this argument relied on an incorrect application of the grouping rules, however, the government abandoned it at oral argument. See U.S.S.G. § 5G1.2.

guidelines in this case not because they recommend sentences that are uniformly too long, but rather because they "lack any . . . empirical basis" and make no attempt to "look at the . . . individual circumstances of the defendant or of the victims." ROA Vol. IV, at 73-74. The district court explained that the fraud guidelines' emphasis on total financial loss "ignores the devastating affects [sic] [a fraud] can have on victims, irrespective of the particular amounts involved." Id. at 74. Thus, the district court's policy disagreement with the fraud guidelines seems to envision not only circumstances where the recommended sentence will be too long, but also circumstances where the sentence will be too short. And the court was within its discretion to deviate from the guidelines based on policy disagreement.[3] See Spears v. United States, 555 U.S. 261, 265-66 (2009) (per curiam).

Burg also argues that his lack of criminal history, his age (63) and poor health, and the fact that he is sorry for his crimes all suggest that the district court abused its discretion by imposing an above-guidelines sentence. Burg argues that all of these considerations make him less likely to recidivate following his release from prison, reducing the deterrent value of his sentence. He also argues that his age and health will make any length of imprisonment harsher for him than it would be for a younger, healthier offender.

---

[3] We take no position on the merits of the district court's policy assessment of the fraud guideline.

The district court considered these arguments and concluded that they did not support a more lenient sentence. For example, the district court acknowledged that Burg is in poor health and that prison would likely be hard on him, but the court concluded that Burg would be able to receive any necessary medical care while incarcerated. Burg's own attorney even admitted that this was true, stating that "to be brutally candid, I cannot say that there is anything [Burg] suffers [from] that cannot be dealt with one way or another [in prison]." ROA Vol. IV, at 80.

Moreover, in applying the § 3553(a) factors, the district court was within its discretion to accord age, health, and remorse less weight than other factors that it found more salient. "The district court need not afford equal weight to each of the factors." United States v. Sanchez-Leon, 764 F.3d 1248, 1267 (10th Cir. 2014). "In many cases there will be a range of possible outcomes [that] the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotations and alterations omitted).

The district court focused on the need for the sentence "to reflect the seriousness of the offense . . . and to provide just punishment . . . ." 18 U.S.C. § 3553(a)(2)(A). In particular, the court cited Burg's "repetitive conduct, time and time again, even after being interrogated at a police department, and the very next day doing the same sort of thing."

7

ROA Vol. IV, at 86.  The court also emphasized the extreme detrimental impact Burg's fraud had upon his elderly victims, noting concern for "the victims in this case . . . especially for those needing [the lost funds] for their retirement . . . ." Id.  At the sentencing hearing, the court heard testimony from the husband of a woman who invested her entire 401(k), totaling $325,000, and lost it all.  It was especially appropriate for the district court to consider these facts given that Burg will never be able to make full restitution to the victims.  As his counsel acknowledged at the sentencing hearing, "the odds of his ever being able to pay back anywhere near close to [$2.5 million] of restitution at his age or even at a somewhat younger age, are extraordinarily unlikely and will not, regardless, make the victims whole."  Id. at 80.

Finally, the strength of the justification a district court must provide for deviating from the guideline range depends on the degree to which the imposed sentence deviates from the one recommended by the guidelines.  See United States v. Lente, 759 F.3d 1149, 1158 (10th Cir. 2014).  A "major" deviation should have "a more significant justification than a minor one."  Gall, 552 U.S. at 50.  Nevertheless, the Supreme Court has rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justification required for a specific sentence."  Id. at 47.  Here, the district court imposed a sentence of 90 months' imprisonment instead of 78, an increase of only 12 months, or fifteen

8

percentage points above the high end of the advisory guidelines range. Moreover, we note that the statutory maximum sentence for the crimes of conviction was 252 months,[4] almost three times as long as the sentence the district court actually imposed. The sentence was not a major deviation.

We therefore conclude that Burg's sentence was reasonable in light of the sentencing factors set out in 18 U.S.C. § 3553(a). The district court did not abuse its discretion in sentencing Burg to 90 months' imprisonment.

## III

Because we conclude that Burg's sentence was substantively reasonable, we AFFIRM. We GRANT Burg's unopposed motion to supplement the record.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[4] The statutory maximum sentence for the fraud count was 240 months. 18 U.S.C. § 1341. The maximum for the tax count was 12 months. 26 U.S.C. § 7203. If the sentences were ordered to be served consecutively, the resulting sentence would be 252 months.