FILED
United States Court of Appeals
Tenth Circuit

August 31, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR MANUEL CORDOVA-SOTO,

    Defendant - Appellant.

No. 18-2029
(D.C. No. 2:18-CR-00047-WJ-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Hector Manuel Cordova-Soto filed a counseled notice of appeal challenging the

imposition of a twenty-one-month term of imprisonment for violating the terms of his

supervised release. His counsel has since moved to withdraw from the case under *Anders*

*v. California*, 386 U.S. 738 (1967), asserting there are no non-frivolous grounds for

appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and

---

[*] After examining counsel's brief, Mr. Cordova-Soto's response letter, and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

finding no grounds for appeal that are not "wholly frivolous," we grant counsel's motion to withdraw, and we dismiss the appeal.

## I. BACKGROUND

In 2014, Mr. Cordova-Soto pleaded guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). He was sentenced to thirty months in prison and three years of supervised release. Upon his release from prison, he was deported to Mexico.

In December 2017, Mr. Cordova-Soto, having returned to the United States, pleaded guilty to yet another count of illegal reentry. That most recent reentry offense was a violation of the terms of his supervised release, which provided that Mr. Cordova-Soto "shall not commit another federal, state, or local crime during the term of supervision." 1 ROA at 10.

In February 2018, the district court conducted a joint hearing for (1) sentencing on Mr. Cordova-Soto's 2017 reentry offense in a case docketed as 2:17–cr–03517–WJ ("17–cr–3517"), and (2) revocation of supervised release relating to Mr. Cordova-Soto's 2014 reentry offense in a case docketed as 2:18–cr–00047–WJ ("18–cr–47"). As to case 17–cr–3517, the district court accepted a plea agreement and sentenced Mr. Cordova-Soto to twenty-four months' imprisonment. As to case 18–cr–47, the district court found that Mr. Cordova-Soto violated his term of supervised release when he illegally reentered the country. The district court sentenced Mr. Cordova-Soto to twenty-one months' imprisonment for the violation of supervised release, to run consecutively to the term

2

imposed in case 17–cr–3517. The district court declined to impose another term of supervised release on Mr. Cordova-Soto's supervised release violation.

Mr. Cordova-Soto's counseled notice of appeal references only case number 18–cr–47. Accordingly, only case 18–cr–47 is before us. The same counsel who filed Mr. Cordova-Soto's notice of appeal now moves to withdraw because there are no non-frivolous grounds for appeal.

## II. DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In doing so, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* We must then independently examine the record to determine whether the defendant's claims are "wholly frivolous," and, if so, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Counsel's *Anders* brief identifies one potential basis for appeal: that Mr. Cordova-Soto's sentence was substantively unreasonable. We review a challenge to a revocation sentence for abuse of discretion, reviewing factual findings for clear error and legal conclusions de novo. *United States v. Tsosie*, 376 F.3d 1210, 1217–18 (10th Cir. 2004), *abrogated on other grounds by Tapia v. United States*, 564 U.S. 319 (2011). A district court exceeds its discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352

3

(10th Cir. 2010) (quotation marks omitted). A sentence must be "reasoned and reasonable." *United States v. Contreras–Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation marks omitted). "[A] 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'" *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco–Valenzuela*, 546 F.3d 1208, 1214–15 (10th Cir. 2008). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotation marks omitted). We presume that a sentence following revocation of supervised release that falls within the range suggested by the United States Sentencing Commission's policy statements is reasonable. *McBride*, 633 F.3d at 1233.

In this case, the advisory Guidelines range for Mr. Cordova-Soto on revocation is twenty-one to twenty-seven months.[1] *See* U.S.S.G. § 7B1.4(a) (establishing Guidelines range of twenty-one to twenty-seven months for Grade B supervised release violation and category VI criminal history). After considering the advisory range, as well as Mr. Cordova-Soto's characteristics and his "lengthy criminal history," 2 ROA at 11, the district court imposed a sentence at the low end of the advisory range—twenty-one

---

[1] During Mr. Cordova-Soto's sentencing hearing, the district court mistakenly identified the Guidelines range as twenty-one to twenty-four months. This misstatement, however, favored Mr. Cordova-Soto and proved harmless where the district court imposed a twenty-one month sentence, a sentence at the bottom of both the correct range and the misstated range.

months, to run consecutively to the time imposed in case 17–cr–3517. Thus, the district court properly considered both the advisory range from the Sentencing Commission's policy statements and the § 3553(a) factors before imposing a within-guidelines sentence.

Counsel's *Anders* brief discusses Mr. Cordova-Soto's request to challenge the district court's decision to impose a consecutive sentence. "Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." *United States v. Rodriguez–Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006) (citation omitted). Section 3584(b) provides that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider . . . the factors set forth in section 3553(a)." And the Sentencing Commission's policy statement states that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving[.]" U.S.S.G. § 7B1.3(f).

In the *Anders* brief, counsel concedes the district court clearly considered the factors of 18 U.S.C. § 3553(a) and the advisory statements of the Sentencing Commission. And the district court sentenced Mr. Cordova-Soto consistent with their guidance. Therefore, counsel concedes it was within the sentencing court's discretion to order that Mr. Cordova-Soto's sentence of the supervised release violation run consecutively to the sentence on the 2017 reentry conviction. We agree. The record provides no basis to conclude that the sentence is procedurally or substantively unreasonable. Nor can we discern any other potentially meritorious issues in our independent review of the record.

5

One final point deserves mention. In a hand written pro se letter to this court filed after receipt of his counsel's *Anders* brief, Mr. Cordova requests that we continue with his appeal and provide him with the assistance of another appointed attorney to help him with his case. His letter also informs us that he is dissatisfied with his attorney's performance:

> During the day to sign the guilty or not guilty-plea my assigned attorney did not show[] up and I was hurried to signed [sic] guilty plea on all the charges by another attorney assigned to cover for her. In [the] days before my sentence my regular appointed attorney indicated that I had 3 years['] probation from a prior sentence and would be run concurrent with whatever sentence I receive. The Honorable Judge gave me 2 sentences, 24 months for re-entry and 21 months for probation violation[,] a total of 45 months. I feel that my sentence was more than I expected and what my attorney advised me [it] would be.

Response filed by Hector Manuel Cordova-Soto, Docket No. 10566798. We are troubled by Mr. Cordova-Soto's account. This appeal, however, is not the proper forum to consider his allegations, which we construe as a possible claim for ineffective assistance of counsel in case number 17–cr–3517. In the event Mr. Cordova-Soto has filed (or will file) a timely motion under 28 U.S.C. § 2255 in case number 17–cr–3517, we trust the district court will consider in the first instance the merits of any ineffective-assistance claim that Mr. Cordova-Soto raises. *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009) (stating that § 2255 motions are the preferred vehicle for considering ineffective-assistance-of-counsel claims). But the alleged ineffective assistance of counsel is not grounds to continue with this direct appeal.

## III. CONCLUSION

We GRANT counsel's request to withdraw and we DISMISS the appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge